UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

KENTREL HILL, )
)
       Plaintiff, )
)
v. )
)
MIAMI-DADE COUNTY SCHOOL )
BOARD, )
)
       Defendant. )

## FIRST AMENDED COMPLAINT

Plaintiff KENTREL HILL ("Plaintiff") sues defendant MIAMI-DADE COUNTY SCHOOL BOARD ("Defendant") and alleges:

1. This is an action arising out of Plaintiff's employment relationship with the Defendants and to recover damages for discrimination and retaliation pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district, and because Defendant has its principal place of business within the district, resides in the judicial district, and because the employment records of Plaintiff are stored or have been administered, in Miami-Dade County.

4. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the FCRA.

## PARTIES

5. At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

6. At all times material, Miami-Dade County School Board ("the Board") is the governing body of Miami-Dade County Public Schools ("MDCPS"). The Board directs, controls, and supervises the operation and administration of all schools, programs, and activities within the MDCPS system. The Board performed its business in Miami-Dade County, Florida.

7. At all times material, Plaintiff was an "employee" as defined by 42 U.S.C. § 2000e(f), and an "aggrieved person" as defined by Fla. Stat. § 760.02(10). Plaintiff specifically incorporates the definitions of "aggrieved person" and "employee." Specifically, Plaintiff was an employee of MDCPS.

8. At all times material, Defendant was a "person" and "employer" as defined by 42 U.S.C. § 2000e(a) and (b), and Fla. Stat. § 760.02(6) & (7).

9. At all times material, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

10. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

11. Plaintiff has complied with all conditions precedent in filing this action, to wit;

   a. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Miami District Office on or about August 14, 2019.

   b. Plaintiff was issued a Notice of Suit Rights as to all charges of discrimination and retaliation on or about October 14, 2020.

12. Any other applicable conditions precedent to bringing this action have occurred, been performed, or been excused before the filing of this lawsuit.

## RELEVANT FACTS

13. Plaintiff was hired by Defendant during or around year 2017 as an educator.

14. At all times material, Plaintiff was employed by Defendant as a Physical Education Teacher and Girls' Basketball Coach, at Booker T. Washington High School in Miami-Dade County Public School District.

15. Plaintiff began working for Booker T. Washington High School on or about August 2, 2018. Plaintiff worked Monday through Friday, 7:10am to 2:20pm.

16. During Plaintiff's employment with Defendant, she excelled in her job performance. Plaintiff loved working as a PE teacher at Booker T. Washington High School and thoroughly enjoyed working with the children.

17. During or around January 2019, Plaintiff noticed a lump on her left breast and began to experience soreness under her left arm. Plaintiff immediately sought the medical care and treatment of a physician to obtain diagnosis.

18. As a result of the size of Plaintiff's lump, Plaintiff had to attend several emergency doctor appointments.

19. On a few occasions, the doctor's appointments caused Plaintiff to arrive approximately 30 minutes late to work.

20. In early February 2019, Plaintiff had a meeting with Principal William Arstide, Vice Principal MacArthur, Assistant Principal Axem and a third Assistant Principal (Unknown Name). The meeting was regarding Plaintiff's tardiness. Plaintiff explained to the principals ("supervisors") that she needed to attend doctor appointments in an effort to obtain a diagnosis of a confirmed lump on her breast and soreness under arm.

21. After learning of Plaintiff's medical condition, Plaintiff's supervisors still required her to sign document regarding her tardiness.

22. Thereafter, Defendant's conduct toward Plaintiff was different than Defendant's conduct toward Plaintiff's colleagues who were similarly situated, but who did not suffer from a disability or handicap. Plaintiff's supervisors began micromanaging Plaintiff's work on a constant, pervasive basis because of Plaintiff's handicap. Particularly, Plaintiff's supervisors began observing Plaintiff's classroom during the entire class periods, something the Principals had not done outside of performance evaluations.

23. Defendant also treated Plaintiff different by not sending Plaintiff correspondence it sent to Plaintiff's colleagues who were similarly situated, but who did not suffer from a disability or handicap.

24. On or around March 6, 2019, the diagnosis Plaintiff feared became her reality. Plaintiff was diagnosed with Breast Cancer, Stage 3.

25. Plaintiff immediately informed her supervisors of her diagnosis.

26. After receiving the cancer diagnosis, Plaintiff was scheduled for doctor appointments twice per week to prepare for chemotherapy treatment. Plaintiff informed her supervisors of her need to attend the frequent doctor appointments.

27. Although, Plaintiff sometimes had to leave early for these appointments, approximately 45 minutes before the school day ended, she did not miss a full day of work.

28. Plaintiff always informed and/or reminded the school secretary and Principal when she was leaving to leave early for her doctor appointments.

29. Plaintiff began chemotherapy on April 13, 2019.

30. Plaintiff never missed a day of work during the time that she was receiving chemotherapy treatment. However, there were times when Plaintiff had to leave approximately 1 hour before the school day ended to attend her chemotherapy treatment.

31. At all times during her employment, Plaintiff was qualified to perform the essential functions of her job. Plaintiff has a Bachelor's Degree in Science and Physical Education, and throughout her employment she received strong performance evaluations. Although suffering from her medical condition, Plaintiff continued to satisfy her job requirements.

32. As a qualified person with a disability or perceived disability, Plaintiff was entitled to be free from discrimination by the Board.

33. On or about May 17, 2019, Plaintiff was called into the Principal's office, where she was met by Principal William Arstide, Vice Principal MacArthur, Assistant Principal Axem, Assistant Principal (Unknown Name)), and a Teacher's Union Representative. Defendant terminated Plaintiff during this meeting.

34. At the time Plaintiff was terminated she was informed by her supervisors that her termination was not caused by her job performance, and that Defendant did not have to provide Plaintiff any additional explanation for her termination.

## COUNT I: INTERFERENCE WITH FMLA RIGHTS – FAILURE TO PROVIDE FMLA INFORMATION

35. Plaintiff repeats and re-alleges paragraphs 1 through 34 as if fully stated herein.

36. During or around year 2014, Plaintiff became eligible for FMLA leave. Accordingly, at the time Plaintiff began receiving medical care and treatment for the lump on her breast and diagnosed Breast Cancer, Stage 3, she was eligible for FMLA.

37. At all times material, Plaintiff gave proper notice to Defendant by informing them of her serious medical condition, which required her to take leave to receive life-saving medical care and treatment.

38. Plaintiff provided enough information for Defendant to know that her need to take intermittent leave may be covered by the FMLA.

39. Despite its knowledge of Plaintiff's medical condition and need for leave, Defendant failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave.

40. When Defendant failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave, Defendant interfered with Plaintiff's rights under the FMLA.

41. As a result, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

   a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

   b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

   c. Award Plaintiff liquidated damages;

   d. Award Plaintiff prejudgment interest on his damages award;

   e. Award Plaintiff reasonable costs and attorney's fees;

   f. Award Plaintiff any further relief pursuant to the FMLA; and

   g. Grant Plaintiff such other and further relief as this court deems equitable and just.

### COUNT II: INTERFERENCE WITH FMLA RIGHTS – TERMINATION

42. Plaintiff repeats and re-alleges paragraphs 1 through 34 as if fully stated herein.

43. During or around year 2014, Plaintiff became eligible for FMLA leave. Accordingly, at the time Plaintiff began receiving medical care and treatment for the lump on her breast and diagnosed Breast Cancer, Stage 3, she was eligible for FMLA.

44. At all times material, Plaintiff gave proper notice to Defendant by informing it of her serious medical condition, which required surgery.

45. Plaintiff provided enough information for Defendant to know that her need to take intermittent leave may be covered by the FMLA.

46. Despite its knowledge of Plaintiff's medical condition and need for surgery, Defendant terminated Plaintiff instead of affording her the opportunity to request and take FMLA leave.

47. When Defendant fired Plaintiff, it interfered with Plaintiff's rights under the FMLA.

48. As a result, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff prejudgment interest on his damages award;

e. Award Plaintiff reasonable costs and attorney's fees;

f. Award Plaintiff any further relief pursuant to the FMLA; and

g. Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT III: VIOLATION OF THE FMLA – RETALIATION

49. Plaintiff repeats and re-alleges paragraphs 1 through 34 as if fully stated herein.

50. Defendant terminated Plaintiff following her notification about a serious medical condition and need for intermittent leave to attend doctor's appointments so that she may receive required medical care and treatment. This notification constitutes a request for taking FMLA leave.

51. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

52. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of her termination.

53. As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff liquidated damages;

d. Reinstatement;

e. Award Plaintiff prejudgment interest on her damages award;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief as this court deems equitable and just.

### **COUNT IV: DISCRIMINATION IN VIOLATION OF THE ADA – TERMINATION**

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 34 above as if set out in full herein.

55. Plaintiff's Breast Cancer diagnosis qualify as a disability or is perceived as a disability.

56. At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

57. At all times material, Plaintiff was qualified to perform the essential functions of her job.

58. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because of her disability, or perceived disability.

59. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the ADA.

60. Plaintiff's disability, or perceived disability, was a motivating factor that caused Defendant to terminate Plaintiff.

61. Any alleged nondiscriminatory reason for Defendant terminating Plaintiff is a mere pretext for the actual reason for discriminating and retaliating against Plaintiff based on her disability/handicap.

62. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

63. Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

64. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Declare that the acts complained of herein are in violation of the ADA;

B. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

C. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

D. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

E. Award Plaintiff back pay, front pay (or reinstatement), and any other damages allowed under the ADA;

F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT V: RETALIATION IN VIOLATION OF THE ADA – TERMINATION**

65. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 34 above as if set out in full herein.

66. Plaintiff's Breast Cancer diagnosis qualify as a disability or is perceived as a disability.

67. At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

68. At all times material, Plaintiff was qualified to perform the essential functions of her job.

69. Plaintiff engaged in a protected activity when she continuously requested reasonable accommodations from Defendant.

70. Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because she continuously requested reasonable accommodations from Defendant.

71. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the ADA.

72. Plaintiff's disability, or perceived disability, was a motivating factor that caused Defendant to terminate Plaintiff.

73. Any alleged nondiscriminatory reason for Defendant terminating Plaintiff is a mere pretext for the actual reason for discriminating and retaliating against Plaintiff based on her disability/handicap.

74. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

75. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

76. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Declare that the acts complained of herein are in violation of the ADA;

B. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

12

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

C. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

D. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

E. Award Plaintiff back pay, front pay (or reinstatement), and any other damages allowed under the ADA;

F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT VI: DISCRIMINATION IN VIOLATION OF THE FCRA – TERMINATION

77. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 34 above as if set out in full herein.

78. Plaintiff's breast cancer diagnosis qualifies as a handicap/disability, or perceived handicap/disability.

79. At all times material, Defendant was aware of Plaintiff's disability/handicap, or perceived disability/handicap.

80. At all times material, Plaintiff was qualified to perform the essential functions of her job.

81. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because of her handicap/disability, or perceived handicap/disability.

82. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

83. Plaintiff's handicap/disability, or perceived handicap/disability, was a motivating factor that caused Defendant to terminate Plaintiff.

84. Any alleged nondiscriminatory reason for Defendant terminating Plaintiff is a mere pretext for the actual reason for discriminating and retaliating against Plaintiff based on her disability/handicap.

85. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

86. Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

87. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this honorable court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

 E. Award Plaintiff reasonable costs and attorney's fees; and

 F. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

<strong>COUNT VII: RETALIATION IN VIOLATION OF THE FCRA – <u>TERMINATION</u></strong>

88. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 34 above as if set out in full herein.

89. Plaintiff's breast cancer diagnosis qualifies as a handicap/disability, or perceived handicap/disability.

90. At all times material, Defendant was aware of Plaintiff's disability/handicap, or perceived disability/handicap.

91. Plaintiff engaged in a protected activity when she continuously requested reasonable accommodations for leave to receive medical care and treatment, from Defendant.

92. Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because Plaintiff continuously requested reasonable accommodations from Defendant.

93. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

94. Plaintiff's handicap/disability, or perceived handicap/disability, was a motivating factor that caused Defendant to terminate Plaintiff.

95. Any alleged nondiscriminatory reason for Defendant terminating Plaintiff is a mere pretext for the actual reason for discriminating and retaliating against Plaintiff based on her disability/handicap.

96. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

97. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

98. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this honorable court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E. Award Plaintiff reasonable costs and attorney's fees; and

F. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: January 12, 2021.                                         Respectfully submitted,

**By:  s/ Tanesha Walls Blye**
Tanesha Walls Blye, Esq.
Fla. Bar. No. 0738158
R. Martin Saenz, Esq.
Fla. Bar No.: 640166
Aron Smukler, Esq.
Fla. Bar. No. 297779

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800        Telephone: 305.503.5131
Aventura, Florida 33180                Facsimile: 888.270.5549

17