United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kentrel Hill, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-20129-Civ-Scola |
| | ) |
| Miami-Dade County School Board, Defendant. | ) |

**Order on Motion to Dismiss**

This matter is before the Court upon the Defendant's motion to dismiss the Plaintiffs' complaint. For the reasons stated below, the Court **grants** the Defendant's motion. (**ECF No. 6**.)

**1. Background**

The Plaintiff, Kentrel Hill, sues the School Board of Miami-Dade County, Florida, the Defendant, for alleged violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760 *et seq.*

In support of her claims, Hill states that she was hired "during or around year 2017 as an educator" and began working at the Booker T. Washington High School in Miami-Dade County on August 2, 2018 as a Physical Education Teacher and Girls Basketball Coach. (ECF No. 1, at ¶¶ 13-15.) The Plaintiff states she worked Monday through Friday from 7:10am to 2:20pm.

In January 2019, the Plaintiff noticed a lump on her left breast and on March 6, 2019, the Plaintiff was diagnosed with stage 3 breast cancer. (*Id.*, at ¶¶ 18, 24.) Between discovering the lump and her diagnosis, the Plaintiff attended various doctor's appointments which caused her to arrive late to work. (*Id.*, at ¶ 19.) In February 2019, the Plaintiff was called into a meeting with the school's principal, and several assistant principals to discuss her tardiness. (*Id.*, at ¶ 20.) She states that she informed the principals of her concerns regarding the lump on her breast and told them of her need to attend doctor's appointments to diagnose the lump that was causing her concern. (*Id.*) Ms. Hill states that after this initial meeting she was micromanaged and that her supervisors began observing her classroom, something she had not otherwise experienced outside of performance evaluations. (*Id.* at ¶ 22.) The Plaintiff also states the Defendant treated her differently by not sending her

unspecified correspondence that had been sent to other similarly situated colleagues. (*Id.* at ¶ 23.)

After the Plaintiff received her breast cancer diagnosis, she immediately informed her supervisors, and had to leave work 45 minutes early twice a week to prepare for her chemotherapy, which began on April 13, 2019. (*Id.*, at ¶¶ 25-29.) Once her chemotherapy began, the Plaintiff had to leave, on occasion, about 1 hour before the school day ended to receive her treatments. (*Id.*, at ¶ 30.) She states before leaving early, she always informed "the school secretary and Principal." (*Id.*, at ¶ 28.) The Plaintiff further states that, other than suffering from breast cancer, she was otherwise qualified to perform her job duties and satisfied her job requirements. Despite this, on May 17, 2019, the Plaintiff states she was terminated for reasons other than her job performance. (*Id.* at ¶¶ 33-34.)

### 2. Legal Standard

#### A. Rule 12(b)(6)

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

#### A. FMLA Claims

To state a claim under the FMLA, the employee in question "must have been employed for at least twelve months by the employer and worked at least 1,250 hours during the previous twelve-month period." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1247 (11th Cir. 2015). In order to meet this pleading burden, "[w]ell-pleaded *facts* are required." *Id.* (emphasis in original).

For instance, in *Surtain*, the Eleventh Circuit held that allegations of an employee being employed from "2006-2010" satisfied the 12-month durational requirement, but failed to show the employee "had worked at least 1,250 hours during the previous twelve-month period." *Id.* at 1247-48. Whether an employee satisfies these conditions is a "threshold jurisdictional question, that also appears to be a prima facie element for recovery in a civil action." *Morrison v. Amway Corp.*, 323 F.3d 920, 927 (11th Cir. 2003) (cleaned up). These durational requirements apply to both interference and retaliation claims under the FMLA. *Surtain*, 789 F.3d at 1247.

Taking the Plaintiff's allegations as true and drawing all inferences in her favor, the Court finds that the Plaintiff has failed to plead the necessary facts required for the Court to determine if the Plaintiff worked for 1,250 hours during the "previous twelve-month period" entitling her to potential relief under the FMLA. The Plaintiff's allegations are simply that the Plaintiff was hired at some point in 2017 and began working as a teacher for the Defendant on August 2, 2018 until she was terminated on May 17, 2019. The Plaintiff worked Monday through Friday from 7:10am to 2:20pm, though missed some of the workday both before and after her breast cancer diagnosis on an unspecified number of occasions. While the Plaintiff summarily states "During or around year 2014[1], Plaintiff became eligible for FMLA leave" (ECF No. 1, at ¶¶ 36, 43) the Court cannot discern when, if ever, the Plaintiff satisfied the jurisdictional requirements of the FMLA.

Accordingly, the Court dismisses without prejudice Counts I-III of the Plaintiff's complaint, seeking relief under the FMLA.

### B. ADA and FCRA Claims

#### (1) Discrimination Claims

The Court next turns to Counts IV and VI of the Plaintiff's complaint, which seek relief for discrimination under the ADA and FCRA. The Court analyzes these claims under the same framework. *See Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 681 (11th Cir. 2018) ("We analyze FCRA disability-discrimination claims using the same framework that is used for [ADA] claims.")

To state a claim for discrimination under the ADA, a plaintiff must allege: "(1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or … denied the benefits of the services, programs, or activities of a public entity or otherwise discriminated [against] by such entity;

---

[1] The Court assumes the reference to "2014" is a typographical error.

(3) by reason of such disability." *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001) (internal citations and quotations omitted). The ADA only protects "qualified individuals" with disabilities, whom the Act defines as individuals who "can perform the essential functions of the employment positions that such individuals holds or desires" with or without a reasonable accommodation. 28 U.S.C. § 12111(8). "If the individual is unable to perform an essential function of his . . . job, even with an accommodation, he is, by definition, not a qualified individual and, therefore, not covered under the ADA." *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1229 (11th Cir. 2005).

The Court agrees, as the Defendant argues, that the Plaintiff's complaint fails to allege that she is a "qualified individual" that can perform the job's essential functions. The Plaintiff alleges in her complaint that she was spoken to by school officials because of her tardiness and that she had to leave work early on various occasions for appointments both before and after her diagnosis, though the Court notes that the ADA does not exempt disabled employees from attendance requirements which are generally considered an essential job function. *See Davis v. Florida Power & Light Co.*, 205 F.3d 1301, 1306 (11th Cir. 2000) (noting that "job presence [ ] has been held to be an essential function of a job"). This requirement seems all the more important in a school setting. The fact that the Plaintiff's attendance issues may have been caused by her disability does not shield her from her employer's attendance and timeliness requirements. *See Jackson v. Veterans Admin.*, 22 F.3d 277, 279 (11th Cir. 1994) ("The district court correctly reasoned that Jackson has failed to prove he is an otherwise qualified individual because he has failed to satisfy the presence requirement of the job."). Because the Plaintiff failed to allege that she is a qualified individual, Counts IV and VI are due to be dismissed.

### (2) Retaliation Claims

Counts V and VII of the Plaintiff's complaint state claims for retaliation in violation of the ADA and FCRA. As with the Plaintiff's discrimination claims, claims for retaliation under the ADA and FCRA are analyzed under the same framework. *Monroe v. Fla. Dep't of Corr.*, 793 F. App'x 924, 928 (11th Cir. 2019) ("As with disability discrimination claims, relation claims brought under the FCRA are analyzed under the ADA framework.").

In order to assert a claim for retaliation under these statutes, a plaintiff must demonstrate that "(1) she engaged in statutorily protected expression; (2) she suffered an adverse . . . action, and (3) the adverse action was causally related to the protected expression." *Shotz*, 344 F.3d at 1180 "To establish that a plaintiff engaged in statutorily protected expression, we have held that a

plaintiff must show that she 'had a good faith, reasonable belief that the employer was engaged in unlawful employment practices.'" *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002) (quoting *Little v. United Tech.*, 103 F.3d 956, 960 (11th Cir. 1997)). A plaintiff must have an objective as well as subjective good faith belief that a defendant is involved in unlawful employment activity. *Id.* at 1312.

"To prove a causal connection, we require a plaintiff only to demonstrate that the protected activity and the adverse action were not *wholly unrelated*." *Shotz*, 344 F.3d at 1180 n.30. "The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action. But mere temporal activity, without more, must be very close. A three or four month disparity between the statutorily protected expression and the adverse employment action is not enough." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

In her complaint, the Plaintiff states that the "Defendant engaged in unlawful employment practices . . . in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment," that she "engaged in a protected activity when she continuously requested reasonable accommodations from Defendant" which led the Defendant to terminate her "because she continuously requested reasonable accommodations from Defendant," and the "Plaintiff's disability, or perceived disability, was a motivating factor that caused Defendant to terminate Plaintiff." (ECF No. 1, at ¶¶ 69-72; 91-94.) Putting aside the fact that the complaint fails to state that Plaintiff made any requests for accommodation from the Defendant, let alone on a continuous basis, the Court finds the Plaintiff has failed to show that she had a good faith subjective or objective belief that her employer was engaged in unlawful activity or that her alleged engagement in protected activity was causally related to her termination. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997) ("the burden of identifying an accommodation that would allow a qualified individual to perform the job rests with that individual, as does the ultimate burden of persuasion with respect to demonstrating that such an accommodation is reasonable.").

As the basis for her claims of unlawful treatment, the Plaintiff states that she was "micromanag[ed]" and that she stopped receiving the same unspecified "correspondence" as her colleagues. (ECF No. 1, at ¶¶ 22-23.) Taking the allegations in the complaint in light most charitable to the Plaintiff, the Court does not see how the Defendant's observation of the Plaintiff's classroom after the Plaintiff's tardiness, which was discussed at the February 2019 meeting with the school's principals, is objectively or subjectively suggestive of unlawful

activity, particularly where the Plaintiff admits she had arrived to work late on several occasions and otherwise fails to state that she requested a reasonable accommodation from the Defendant. Similarly, the Plaintiff's vague allegations of not receiving the same correspondence as her colleagues, without more, do not show that the Defendant was engaged in unlawful employment practices. Accordingly, the Plaintiff has failed to allege the first prong of a retaliation claim and therefore Counts V and VII should be dismissed on this basis alone.

Even assuming the Plaintiff had alleged that there was a subjective and objective basis to conclude the Defendant was engaged in unlawful employment practices, the Plaintiff's retaliation claims would still be due for dismissal as the Plaintiff has failed to adequately allege causation between any alleged expressive activity and her termination. The Court agrees with the Defendant that the Plaintiff's complaint fails to connect her termination with her alleged disability or any protected expression other than by relying on temporal proximity with unclear starting and ending points. At best, the Plaintiff's complaint nods toward a potential request for an accommodation being made in February 2019, when she told her school principals that "she needed to attend doctor appointments" (though the complaint puts forth no allegations of an affirmative request for an accommodation, as is the Plaintiff's burden). The Plaintiff was then terminated three months later. This, without more, is insufficient to establish causation in support of a claim for retaliation under the ADA or FCRA.

### 4. Conclusion

Based on the foregoing, the Court **grants** the Defendant's motion to dismiss. (**ECF No. 6.**) The Court **dismisses** Counts I-III of the Plaintiff's complaint without prejudice, and Counts IV-VII with prejudice and without leave to amend. *See Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Newton v. Duke Energy Florida, LLC,* 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."). The Clerk is directed to **close** this case. All pending motions, if any, are denied as **moot**.

**Done and ordered**, in Miami, Florida, on April 27, 2021.

_____
Robert N. Scola, Jr.
United States District Judge